# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SEMCON IP INC., | § |
| | § |
| Plaintiff, | § Case No. |
| | § |
| v. | § **JURY TRIAL DEMANDED** |
| | § |
| MICHAEL KORS HOLDINGS LIMITED, | § |
| | § |
| Defendant. | § |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Semcon IP Inc. ("Semcon" or "Plaintiff"), for its Complaint against Defendant Michael Kors Holdings Limited ("Michael Kors" or "Defendant") alleges as follows:

## THE PARTIES

1. Semcon is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 100 W. Houston Street, Marshall, Texas 75670.

2. Upon information and belief, Michael Kors is a corporation organized and existing under the laws of the British Virgin Islands with its principal place of business located at 33 Kingsway, London, England, WC2B 6UF, United Kingdom and may be served pursuant to the provisions of the Hague Convention. Michael Kors is a leading manufacturer and seller of luxury fashion in the world and in the United States. Upon information and belief, Michael Kors does business in Texas, and in the Eastern District of Texas, directly or through intermediaries, including at a sales site at Michael Kors Outlet, 820 West Stacy Road, Suite 236, Allen, TX 75013. On information and belief, Michael Kors employs individuals in this Judicial District

involved in the sales, distribution and marketing of its products including those accused of infringement below.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States. For example, Defendant has placed and continues to place infringing products into the stream of commerce via an established distribution channel with the knowledge and/or understanding that such products are being and will continue to be sold in this Judicial District and the State of Texas.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is subject to personal jurisdiction in this Judicial District, has purposely transacted business involving the accused products in this Judicial District, including sales to one or more customers in Texas, and certain of the acts complained of herein occurred in this judicial district.

6. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including: (a) at least part of its past infringing activities, (b) regularly doing or soliciting

business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

7. On August 29, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,100,061 (the "'061 Patent") entitled "Adaptive Power Control." A true and correct copy of the '061 Patent is attached hereto as Exhibit A.

8. On September 29, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,596,708 (the "'708 Patent") entitled "Adaptive Power Control Integration System." A true and correct copy of the '708 Patent is attached hereto as Exhibit B.

9. On October 22, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,566,627 (the "'627 Patent") entitled "Adaptive Power Control." A true and correct copy of the '627 Patent is attached hereto as Exhibit C.

10. On August 12, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,806,247 (the "'247 Patent") entitled "Adaptive Power Control." A true and correct copy of the '247 Patent is attached hereto as Exhibit D.

11. Semcon is the sole and exclusive owner of all right, title and interest in the '061 Patent, '708 Patent, '627 Patent and '247 Patent (collectively, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. Semcon also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

12.     Semcon has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.  On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

13.     The Patents-in-Suit generally cover methods and apparatuses for controlling the power used by a computer; and specifically, the adjustment of the clock frequency and voltage supply to a processor and other components to conserve processor power and extend battery life.  The claims of the Patents-in-Suit generally call for the frequency generator and power management logic to be located on the processor itself, rather than in a separate component that would consume power.

14.     Non-party Qualcomm Inc. ("Qualcomm") sells Snapdragon System-on-a-Chips ("SoCs") which can perform Dynamic Clock and Voltage Scaling (DCVS)[1].  According to Qualcomm, this "is a technique used to adjust the frequency and voltage of the power equation to deliver the needed performance at the ideal power level."[2]  Additionally, the "CPU cores of Snapdragon processors lie on separate voltage and frequency planes.  This allows each CPU core to hit independent frequencies and voltages, delivering scalable performance and power levels."[3]

15.     Michael Kors has infringed and is continuing to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell and/or importing, products that utilize SoCs and associated software that performs DCVS or DVFS for power management, including Qualcomm Snapdragon SoCs including at least the Snapdragon Wear 2100 SoC.  Such products include at least the Michael Kors Access Bradshaw and Access Dylan smartwatches.

---

[1] DCVS may alternately be referred to as Dynamic Frequency and Voltage Scaling ("DVFS").
[2] https://www.qualcomm.com/news/onq/2013/10/25/power-vs-performance-management-cpu
[3] *Id.*

## COUNT I
### (Infringement of the '061 Patent)

16. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

17. Semcon has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '061 Patent.

18. Defendant has and continues to directly infringe the '061 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '061 Patent. Such products include smart watches that utilize SoCs and associated software that performs DCVS or DVFS for power management, including at least the Qualcomm Snapdragon Wear 2100. Such products include at least the Michael Kors Access Bradshaw and Access Dylan smartwatches. These products infringe at least claim 56 of the '061 Patent.

19. Defendant has and continues to indirectly infringe one or more claims of the '061 Patent by knowingly and intentionally inducing others, including Michael Kors' customers and end-users, to directly infringe to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as Qualcomm Snapdragon SoCs and associated software that use DCVS for power management. Upon information and belief, these products include at least the Michael Kors Access Bradshaw and Access Dylan smartwatches.

20. Defendant, with knowledge that these products, or the use thereof, infringes the '061 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '061 Patent by supplying these products to end users for use in an infringing manner.

21. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '061 Patent, but while remaining willfully blind to the infringement.

22. Semcon has suffered damages as a result of Defendant's direct and indirect infringement of the '061 Patent in an amount to be proved at trial.

23. Semcon has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '061 Patent for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '708 Patent)

24. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

25. Semcon has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '708 Patent.

26. Defendant has and continues to directly infringe the '708 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '708 Patent. Such products include smart watches that utilize SoCs and associated software that performs DCVS or DVFS for power management, including at least the Qualcomm Snapdragon Wear 2100  Such products include at least the Michael Kors Access Bradshaw and Access Dylan smartwatches. These products infringe at least claim 7 of the '708 Patent.

27. Defendant has and continues to indirectly infringe one or more claims of the '708 Patent by knowingly and intentionally inducing others, including Michael Kors' customers and

6

end-users to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as Qualcomm Snapdragon SoCs and associated software that use DCVS for power management. Upon information and belief, these products include at least Michael Kors Access Bradshaw and Access Dylan smartwatches.

28. Defendant, with knowledge that these products, or the use thereof, infringes the '708 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '708 Patent by supplying these products to end users for use in an infringing manner.

29. Defendant induces infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '708 Patent, but while remaining willfully blind to the infringement.

30. Semcon has suffered damages as a result of Defendant's direct and indirect infringement of the '708 Patent in an amount to be proved at trial.

31. Semcon has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '708 Patent for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT III
**(Infringement of the '627 Patent)**

32. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

33. Semcon has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '627 Patent.

34. Defendant has and continues to directly infringe the '627 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '627 Patent. Such products include smart watches that utilize SoCs and associated software that performs DCVS or DVFS for power management, including at least the Qualcomm Snapdragon Wear 2100. Such products include at least the Michael Kors Access Bradshaw and Access Dylan smartwatches. These products infringe at least claim 1 of the '627 Patent.

35. Defendant has and continues to indirectly infringe one or more claims of the '627 Patent by knowingly and intentionally inducing others, including Michael Kors' customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as Qualcomm Snapdragon SoCs and associated software that use DCVS for power management. Upon information and belief, these products include at least the Michael Kors Access Bradshaw and Access Dylan smartwatches.

36. Defendant, with knowledge that these products, or the use thereof, infringe the '627 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '627 Patent by supplying these products to end users for use in an infringing manner.

37. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '627 Patent, but while remaining willfully blind to the infringement.

38. Semcon has suffered damages as a result of Defendant's direct and indirect infringement of the '627 Patent in an amount to be proved at trial.

39. Semcon has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '627 Patent for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT IV
### (Infringement of the '247 Patent)

40. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

41. Semcon has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '247 Patent.

42. Defendant has and continues to directly infringe the '247 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '247 Patent. Such products include smart watches that utilize SoCs and associated software that performs DCVS or DVFS for power management, including at least the Qualcomm Snapdragon Wear 2100. Such products include at least the Michael Kors Access Bradshaw and Access Dylan smartwatches. These products infringe at least claim 17 of the '247 Patent.

43. Defendant has and continues to indirectly infringe one or more claims of the '247 Patent by knowingly and intentionally inducing others, including Michael Kors' customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as Qualcomm Snapdragon SoCs and associated software that use

DCVS for power management. Upon information and belief, these products include at least the Michael Kors Access Bradshaw and Access Dylan smartwatches.

44. Defendant, with knowledge that these products, or the use thereof, infringe the '247 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '247 Patent by supplying these products to end users for use in an infringing manner.

45. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '247 Patent, but while remaining willfully blind to the infringement.

46. Semcon has suffered damages as a result of Defendant's direct and indirect infringement of the '247 Patent in an amount to be proved at trial.

47. Semcon has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '247 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Semcon prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or

participation with it, from further acts of infringement of the Patents-in-Suit;

    c.    An order awarding damages sufficient to compensate Semcon for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

    d.    Entry of judgment declaring that this case is exceptional and awarding Semcon its costs and reasonable attorney fees under 35 U.S.C. § 285; and,

    e.    Such other and further relief as the Court deems just and proper.

Dated: May 9, 2018                                              Respectfully submitted,

                                                                                            */s/ Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: afabricant@brownrudnick.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@brownrudnick.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@brownrudnick.com
Shahar Harel
NY Bar No. 4573192
Email: sharel@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

**ATTORNEYS FOR PLAINTIFF,
SEMCON IP INC.**